### 9211

### FARMER v. GREER FERTILIZER CO.

#### (86 S. E. 639.)

HOMESTEAD—LIABILITIES ENFORCEABLE AGAINST CROPS.—Obligations contracted in and for the production of crops on lands leased by the debtor are enforceable against such crops, otherwise exempt as homestead from levy and sale, under Const., art. III, sec. 28, Civil Code 1912, secs. 3711, 3716, 3718.

Before DeVore, J., Greenville, February, 1915. Affirmed.

Dean Farmer, having leased certain lands in Greenville county for the year 1914, purchased from the Greer Ferti-

lizer Company certain fertilizers to be used in making a crop upon the lands leased by him from another. The fertilizer was so used. Farmer, having failed to pay the fertilizer debt, the company sued him before a magistrate, obtained judgment, had execution issued, and the magistrate certified that the debt was contracted to produce the crop in question. Thereupon a petition was filed, seeking to enjoin the sheriff from levying upon said crop. The Circuit Court held that the crop was not exempt from levy, and the defendant's appeal to this Court is from that holding.

*Mr. James H. Price,* for appellant, submits: *Plaintiff's leasehold interest was not a homestead in lands:* Civil Code 1912, sec. 3502; 5 S. C. 499; 150 S. W. 603; 51 Pac. 896. *Hence, the provision in Const., art. III, sec. 28, as to yearly products of homestead in lands has no application to this case.*

*Messrs. J. D. Lanford* and *Haynsworth & Haynsworth,* for respondent, cite: Const., art. III, sec. 28; Civil Code, secs. 3711, 3716, 3717, 3718; 2 Minor, Inst. 157-176; 2 Blacks. Com. 140; 3 Tho. Coke. Lit. 356; 84 S. C. 109.

October 16, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Careful consideration of the Constitution and statutes on the subject shows the intention of the lawmakers that crops shall not be exempt, under the provisions for homestead and exemption of personal property to the heads of families, from attachment, levy and sale to enforce the payment of obligations contracted in and for the production thereof. From the standpoint of law and morals, such obligations are of the same nature as purchase money obligations, and should have the same protection.

Judgment affirmed.